JOSEPH T. WALKER AND NANCY WALKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walker v. Commissioner
Docket No. 4923-90
United States Tax Court
T.C. Memo 1992-54; 1992 Tax Ct. Memo LEXIS 59; 63 T.C.M. (CCH) 1942; T.C.M. (RIA) 92054; January 29, 1992, Filed *59 Petitioners' motion to suppress all evidence obtained from grand jury materials, to declare the notice of deficiency arbitrary and capricious, and to shift the burden of going forward with the evidence to respondent as supplemented, will be denied. Thomas W. Ostrander and Mark E. Cedrone, for petitioners. Richard E. Buchbinder and Francis J. Strapp, Jr., for respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before the Court on petitioners' Motion to Suppress All Evidence Obtained from Grand Jury Materials, to Declare the Notice of Deficiency Arbitrary and Capricious, and to Shift the Burden of Going Forward with the Evidence to Respondent as supplemented. The Court held a hearing on the motion. By notice of deficiency mailed December 28, 1989, respondent determined deficiencies in petitioners' income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency Sec. 6653(b)
1978
$ 96,900.21
$ 48,450.11
1979
104,619.49
52,309.75
1980
183,321.39
91,666.07
1981
124,031.84
62,015.92
The issues to be decided are: 1. Whether a Special Agent's Report (SAR) and other evidence should be *60 suppressed on grounds that its admission would violate rule 6(e) of the Federal Rules of Criminal Procedure. We hold that it should not. 2. Whether the notice of deficiency is arbitrary and capricious. We hold that it is not. 3. Whether the burden of going forward with evidence shifts to respondent. We hold that it does not. All section references are to the Internal Revenue Code in effect for the years in issue. References to rule 6(e) are to rule 6(e) of the Federal Rules of Criminal Procedure. All other Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Background
Petitioners resided in Stone Harbor, New Jersey, when the petition was filed. References to petitioner in the singular are to Joseph T. Walker. A grand jury began investigating petitioner and West Jersey Manufacturing Company, Inc., in 1984. Petitioner was president of West Jersey Manufacturing Company, Inc. Respondent's agents, Thaddeus A. Jalkiewicz and William A. Rammel, prepared an SAR as a part of the grand jury investigation. The SAR referred to records of West Jersey Manufacturing Company, Inc. The Government's criminal file, including the SAR, *61 was grand jury material because the case was investigated via the grand jury process. On March 14, 1984, Assistant U.S. Attorney, L. Michael Lee, sent a letter to Alan A. Turner, Esq., petitioner's criminal defense counsel, setting forth a proposed plea agreement between petitioner and the U.S. Attorney's office, subject to approval by the Department of Justice, Tax Division. The letter stated that the Government would file an eight count information. The letter specified each count and the maximum penalties. Under the proposed agreement, petitioner would plead guilty to mail fraud and income tax evasion for 1979 and 1981 and aiding and assisting the preparation of false corporate tax returns for 1979 and 1981. The plea agreement specifically did not include any proposed sentencing. However the letter noted that "this office will also inform the sentencing Judge and the Probation Department of: (1) this agreement; (2) the nature and extent of Joseph Walker's activities with respect to this case; and (3) all other information favorable or otherwise in its possession relevant to sentence." The letter also stated: Finally, it is understood that this agreement was reached without *62 regard to any civil matters that may be pending or may arise involving Joseph Walker, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability. No additional promises, agreements and conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties.
Mr. Turner wrote to Mr. Lee on March 30, 1984, and reported that he discussed the proposed plea agreement in great detail with petitioner and that both Mr. Turner and petitioner agreed to it. Mr. Turner also requested that the filing of the information be delayed until after July 1, 1984, to give petitioner time to place his personal and business affairs in order. On February 1, 1985, Bruce M. Merrill, an Assistant U.S. Attorney who replaced Mr. Lee in the case, wrote to Mr. Turner, providing a final plea agreement for signature by Mr. Turner and petitioner. The letter called attention to two modifications to the proposed plea agreement, including: "(2) for purposes of assisting the sentencing Judge and the Probation Department, as provided in the agreement, the report of Special Agent *63 Jalkiewicz will be submitted to the Court as an exhibit." On April 1, 1985, the U.S. Attorney for the District of New Jersey filed an eight count information against petitioner for income tax evasion, filing a false corporate return, and mail fraud based on the grand jury investigation. United States v. Joseph Walker, Criminal No. 85-104 (D.N.J.) At the plea hearing on April 1, 1985, Honorable Clarkson S. Fisher, United States District Court Chief Judge, presiding, asked petitioner several questions to determine if petitioner was satisfied with his defense counsel, whether the plea of guilty was voluntary, and whether petitioner fully understood all of his rights. Petitioner responded affirmatively to each of those questions. Petitioner also verified to Judge Fisher that there were no promises made to him as to sentencing. Mr. Merrill then filed the plea agreement documents and orally summarized them to the District Court. As part of the summary, Mr. Merrill stated: In addition to which, under Criminal Rule 3577, in order to aid the Court * * * [and] the probation office, as this was a complicated case, the defendant has consented to the entry of an Order which would *64 permit the filing of the agent's report from the I.R.S., to make it a Court exhibit in this case and I have a separate Order for the Court's signature in that regard. That, in essence, contains the salient provisions of this agreement other than the standard ones, that it only applies to the District of New Jersey and cannot bind any other Federal, State or Local Prosecuting agency and this case has no bearing on any pending or soon to be instituted cases against Mr. Walker on the civil side from the I.R.S., and with your Honor's permission I would submit the executed copy of this plea agreement at this time, assuming that it agrees with Mr. Turner's understanding of the agreement.
Mr. Turner concurred in open court with the plea agreement as stated by Mr. Merrill and set forth in Mr. Merrill's letter dated February 1, 1985. Mr. Turner also stated that the February 1, 1985, letter, the standard form Application for Permission to Enter a Plea of Guilty, and Mr. Merrill's statements in open court on April 1, 1985, constituted the entire plea agreement between petitioner, Mr. Turner, and the United States. Petitioner concurred in open court with his counsel. The application *65 for permission to plead guilty, filed on April 1, 1985, gave details about the plea agreement and petitioner's state of mind. It also included a sheet which provided in part, "The government will advise the sentencing Court of the facts relevant to the offense and furnish the IRS Special Agent's report to the Court". Petitioner signed the form in open court on April 1, 1985, in the presence of Mr. Turner. Attached to the form was a Certification by Counsel signed by Mr. Turner on April 1, 1985, indicating that the plea agreement was complete and proper. Also attached to the plea agreement was a copy of Mr. Merrill's letter dated February 1, 1985, with a paragraph added at the end by petitioner. That paragraph was signed by petitioner and Mr. Turner. It stated: I have received this letter from my attorney, Alan A. Turner, Esq., have read it, and I hereby acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the District of New Jersey. I state that there have been no additional promises or representations made to me by any officials or employees of the United States Government or my attorney in connection with this matter.
*66 The written plea agreement was filed with the District Court on April 1, 1985. Mr. Merrill then provided the District Court with a proposed order (the rule 6(e) order) which stated: THIS MATTER being opened to the Court upon the application of W. Hunt Dumont, United States Attorney for the District of New Jersey, Bruce M. Merrill, Assistant United States Attorney, appearing, and the defendant being represented by John A. DeFalco, Esq., appearing, and the defendant having consented to the government's application pursuant to Federal 6(e)(3)(C)(i) and the Title 18, United States Code, Section 3577 for an Order authorizing disclosure of information to the District Court by filing with the Clerk of the Court the report of the Special Agents of the Internal Revenue Service and good cause appearing, IT IS ON this 1st day of April, 1985, ORDERED that the government's appliation [sic] to file with the Clerk of the Court the report of the Special Agents of the Internal Revenue Service in the above-captioned matter is granted.
Neither petitioner nor his counsel objected to the rule 6(e) order. Judge Fisher signed the rule 6(e) order on April 1, 1985, and it was entered on the docket *67 on April 4, 1985. The only purpose for disclosure of the SAR mentioned anywhere in the record is its use by the District Court and probation department for petitioner's sentencing. The record before us in the instant case contains no reference to any particularized need for the rule 6(e) order. On June 4, 1985, respondent's Chief, Criminal Investigation Division, Philadelphia District, forwarded a copy of the SAR to respondent's Chief, Examination Division, Newark District. The transmittal memorandum provided in part: These cases were investigated via the Grand Jury process, therefore the case file is not available for use in determining the civil liabilities of WALKER * * * and WEST JERSEY MANUFACTURING COMPANY, INC. However, Chief Judge Clarkson S. Fisher ordered that the Special Agents [sic] Report be placed on the public record, making it available to the Examination Division.
Petitioner was sentenced to probation. Petitioner has not instituted any proceeding in Federal District Court to invalidate or vacate the rule 6(e) order. Respondent has not obtained any further rule 6(e) orders regarding the SAR. Discussion
Petitioners assert three theories in support *68 of their motion. First, petitioners argue that the rule 6(e) order is illegal and that disclosure by the District Court of the SAR violates rule 6(e). Second, they contend that respondent's use of the SAR to prepare the civil case violates the plea agreement. Third, they argue that respondent's use of the SAR to prepare the civil case violates rule 6(e) of the Federal Rules of Criminal Procedure. For relief, petitioners ask that: (1) All information in the SAR be suppressed, (2) the notice of deficiency be declared arbitrary and capricious, and (3) the burden of going forward with evidence be shifted to respondent. 1. Alleged Violation of Rule 6(e)
First, petitioners argue that the rule 6(e) order is illegal and that disclosure of the SAR by the District Court violates rule 6(e). In particular, petitioners allege that the District Court did not consider particularized need and that petitioner Nancy Walker's rights were violated by the District Court when the SAR was made a part of the public record. We would be required to second-guess the District Court and find that the rule 6(e) order is invalid for petitioners to prevail as to this theory. We decline to do so due *69 to the principles of equitable comity and judicial economy. Arc Electrical Construction Co. v. Commissioner, 91 T.C. 947, 952 (1988). We are aware that comity is not imperative. Arc Electrical Construction Co. v. Commissioner, supra at 952-953 (quoting Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 488-489 (1900)). This Court may reexamine another court's decision when it affects the evidence or outcome of a case before us. Arc Electrical Construction Co. v. Commissioner, supra at 953; see Kluger v. Commissioner, 83 T.C. 309, 316 (1984). "However, without some reason in addition to petitioner's request, we will not second-guess the District Court's opinion." Arc Electrical Construction Co. v. Commissioner, supra at 953. Here, the rule 6(e) order appears to be valid on its face. Petitioners have failed to convince us that we should refuse to accept the validity of the order. Like the taxpayer in Arc Electrical Construction Co. v. Commissioner, supra, petitioner has chosen not to object to that order either before or *70 after it was issued. Petitioner has not instituted any proceeding in Federal District Court to invalidate or vacate the rule 6(e) order. The District Court was presented with the facts, circumstances, and arguments, along with the opportunity to object or otherwise seek to limit the order such that it would be inappropriate for this Court to disregard Judge Fisher's order that grand jury materials could necessarily be filed with the Clerk of the District Court without impairment to grand jury secrecy or prejudice to petitioner. We note that the order states that petitioner consented to the Government's application for an order authorizing disclosure of the SAR by filing it with the Clerk of the District Court and that the Government's application is granted. It provides no conditions or limitations to the disclosure. We construe the order to allow any disclosure that would normally be allowed of any nonsealed part of the District Court file. Thus, once filed with the Clerk of the Court without any conditions or limitations, the SAR becomes a part of the court record which is public. Petitioners assert that disclosure of the SAR by the District Court violates rule 6(e). We *71 disagree. As Mr. Turner testified, if the SAR were in the record of proceedings, it would be a public record, available to all who wish to examine it. The rule 6(e) order authorized the SAR to be filed with the Clerk of the Court. The order does not mention any limitations on conditions of filing. Petitioner did not seek to have the SAR submitted in camera or sealed in any manner. When matters which had previously been presented before the grand jury appropriately become part of the public record, the procurement of a copy of the public record and the use of the information contained therein in the formulation of a statutory notice is reasonable and proper and not a violation of rule 6(e). Bell v. Commissioner, 90 T.C. 878, 904 (1988); Kingsley v. Commissioner, T.C. Memo. 1990-79. Therefore, like any other part of the record, it may be accessed and used by the public, including respondent's examination division. Petitioners argue that the Government did not provide any facts or argument to support the disclosure and that the District Court applied an incorrect legal standard in granting the order. As stated above, we decline to second-guess *72 Judge Fisher. Petitioners also argue that the District Court violated rule 6(e) by allowing disclosure beyond the Court and the probation department. Again, the order does not limit the disclosure as argued by petitioners. In light of the foregoing, we reject petitioners' first theory. 2. Whether Disclosure of the Grand Jury Materials Violates the Plea Agreement
Petitioners contend that respondent's use of the SAR violates the plea agreement entered into between petitioner and the United States. Petitioners point out that the plea agreement provides that disclosure of the SAR was "for the purpose of assisting the district court and probation department in sentencing", and they argue that this limits its use to sentencing. Petitioners argue that if the plea agreement is ambiguous, then extrinsic evidence shows that disclosure of the SAR was to be limited to use in sentencing and probation. We decline to consider extrinsic evidence to construe the rule 6(e) order. The explicit order of the District Court authorizes filing of the SAR with the Clerk of the Court without limitation or condition. Our conclusion would not be different even if we assume that petitioners intended *73 that use of the SAR be limited to the District Court and probation department for sentencing and probation because the rule 6(e) order controls, not the intent of the parties. 3. Whether Respondent's Use of the SAR Violates Rule 6(e)
Petitioners argue that respondent violated rule 6(e) when respondent's agents provided a copy of the SAR to respondent's examination division. Petitioners' argument is based on the theory that the rule 6(e) order is invalid or limited. In light of our conclusion that we will not second-guess the District Court and its rule 6(e) order, which provides for no limitation or condition on the use of the SAR, we hold that respondent's use of the SAR does not violate rule 6(e). Petitioners' motion to suppress all evidence obtained from grand jury materials, to declare the notice of deficiency arbitrary and capricious, and to shift the burden of going forward with the evidence to respondent as supplemented, will be denied.